# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHELL BLANCO,

        Plaintiff,

vs.

MARK BRALOWER, *et al.*,

        Defendants.

3:09-cv-0635-RCJ-VPC

**ORDER**

Plaintiff Michell Blanco, has been granted leave to proceed in *forma pauperis* without an initial payment. The complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983 shall be filed. The complaint is subject to the provisions of 28 U.S.C. § 1915 and the court's review under that statute is discussed below.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Dismissal of a complaint or part thereof for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12 (b)(6), and the court will apply the same standard under §1915 when reviewing a complaint or an amended complaint. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *North Star Int'l v. Arizona Corp. Comm'n,* 720

F.2d 578, 580 (9th Cir. 1983). In considering whether plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

An entire complaint or portions thereof filed by a prisoner shall be dismissed *sua sponte* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). This includes those that possess legal conclusions that are untenable (e.g., wherein the defendants are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as those that only contain fanciful factual allegations, (e.g., claims describing fantastic or delusional scenarios). The complaint filed herein is subject to *sua sponte* dismissal prior to service on the named defendants.

## II. Discussion

Plaintiff brings claims based allegations of interference with religious practice and retaliation for grievance activities. He seeks monetary damages.

Plaintiff identifies three defendants, naming them in their personal and official capacities. A person cannot be sued in their official capacity for money damages. Only injunctive relief is available for defendants said to be acting in their official capacity. On the other hand, personal capacity suits seek to impose personal liability upon a governmental official for actions taken under the color of state law. *Kentucy v. Graham*, 473 U.S. 159, 165 (1985).

To prevail under section 1983, a plaintiff must demonstrate that he has suffered a violation of rights protected by the constitution or federal statute, caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

First Amendment - Religious Practice

Plaintiff claims defendant Bralower and Foster have interfered with his religious practice by interrupting his prayers and practice by making loud noise when they cross in front of his cell door. He contends that he filed a grievance against the defendants complaining of these actions.

In order to establish a First Amendment free exercise violation, a prisoner must show that a prison policy or practice burdens his practice of religion by preventing him from engaging in conduct or having a religious experience which his faith mandates. *See Keenan v. Hall*, 83 F.3d 1083 (9th Cir.1996). This interference must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine. *Bryant v. Gomez*, 46 F.3d 948, 949 (9th Cir.1995) (citation omitted). He must provide facts to show that the activities in which he wishes to engage are mandated by his religion. Id. at 949; *see also Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir.1981) (plaintiff must demonstrate that his convictions are sincerely held and that his claim is rooted in religious belief rather than purely secular or philosophical concerns).

In this instance, the actions of the correctional officer's in making noise in a effort to disrupt plaintiff's religious activities is not a matter of policy in the prison, rather, it appears to be an individual effort to harass the plaintiff and cause him inconvenience and/or frustration. However, the facts presented do not demonstrate that plaintiff is actually being prevented from his religious exercises, as required under the above cited case law. Thus, plaintiff has failed to state a claim under the First Amendment related to the free exercise of his religion.

First Amendment - Retaliation

Next, plaintiff claims that because he filed the grievance against defendants Bralower and Foster for their harassing behavior, the defendants have taken food from his tray and have contaminated his food by putting foreign substances and spittle in the food or by touching the food with their fingers, leaving finger imprints in the food.

"A prisoner suing prison officials under 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate

penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam); *see also Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997). These claims must be evaluated in the light of deference that must be accorded to prison officials. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). The prisoner must establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Compare id.* (Finding insufficient evidence) *with Valadingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence). Finally, the prisoner must demonstrate that his first amendment rights were actually chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).

Plaintiff has stated a claim for retaliation against Foster and Bralower. This claim may proceed.

Miscellaneous Recitations

Plaintiff sets forth additional facts which, although not complimentary to the defendants, relate only to gossip and/or poor judgment on their part. These facts, related to conversations overheard by plaintiff, do not state any cause of action against the defendants.

Also, while plaintiff makes mention of the Eighth Amendment and cruel and unusual punishment, he has not stated any facts which relate to such a claim.

Plaintiff's complaint against defendant Mullins relates to his purported delay in processing an emergency grievance prepared by plaintiff related to the food contamination. The allegations do not state a claim for relief and Senior Correctional Officer Mullins shall be dismissed from the action with prejudice.

**III.     Conclusion**

The complaint states a claim under the First Amendment for retaliation against defendants Bralower and Foster. All other claims and defendants shall be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the Clerk shall **file** the Complaint.

///

4

     **IT IS FURTHER ORDERED** that the complaint shall proceed against defendants Foster and Bralower on a claim of retaliation.

     **IT IS FURTHER ORDERED** that defendant Mullins is dismissed with prejudice and that the claim related to the free exercise of religion or cruel and unusual punishment are dismissed with prejudice.

     **IT IS FURTHER ORDERED** that the Clerk shall **electronically serve a copy of this order, along with a copy of Plaintiff's complaint, to the Office of the Attorney General of the State of Nevada, c/o Pamela Sharp, Supervising Legal Secretary, 100 North Carson St., Carson City, Nevada 89701-4717**. The Attorney General shall advise the court within **twenty-one (21) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service. If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

     **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of the entry of this order.

     **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has

///

///

///

not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate showing proper service.

DATED: This 24th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE

```
Name _____

Prison Number (if applicable) _____

Address _____
        _____
        _____
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____, )  Case No. _____
              Plaintiff,         )
                                 )
v.                               )  **NOTICE OF INTENT TO**
                                 )  **PROCEED WITH MEDIATION**
_____  )
                                 )
_____  )
              Defendants.        )
_____  )

       This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? _____
   _____
   _____
   _____

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).
   _____
   _____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

5.  Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 2010.


_____
Signature


_____
Name of person who prepared or
helped prepare this document